IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| Latress Williams<br>329 Anacostia Road, S.E.<br>Apt. L-42<br>Washington, DC 20019<br><br>          Plaintiff<br><br>v.<br><br>Holy Cross Hospital of Silver Spring, Inc.<br>1500 Forest Glen Road<br>Silver Spring, MD 20910<br><br>Serve On:<br>Resident Agent, Kevin J. Sexton<br>1500 Forest Glen Road<br>Silver Spring, MD 20910<br><br>and<br><br>Holy Cross Anesthesiology Associates, P.A.<br>7315 Wisconsin Avenue, Suite 242W<br>Bethesda, MD 20814<br><br>Serve On:<br>Resident Agent, Sheldon J. Singer, Esq.<br>7315 Wisconsin Avenue, Suite 242W<br>Bethesda, MD 20814<br><br>          Defendants | Civil Action No.: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT AND ELECTION FOR JURY TRIAL**

The Plaintiff, Latress Williams, by and through her attorneys, Henry E. Dugan, Jr., Alison D. Kohler, and Dugan, Babij & Tolley, LLC, sues the Defendants Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A.

## PROCEDURAL HISTORY

1. This matter was filed with the Health Care Alternative Dispute Resolution Office of Maryland on or about June 27, 2008. A copy of the Statement of Claim is attached hereto as Exhibit "A" and prayed to be taken as part hereof.

2. The Plaintiffs filed a Certificate of Merit and Report with the Health Care Alternative Dispute Resolution Office of Maryland on or about June 30, 2008. A copy of the Certificate of Merit and Report is attached hereto as Exhibit "B" and prayed to be taken as part hereof.

3. The Plaintiffs filed a Renewed Election to Waive Arbitration with the Health Care Alternative Dispute Resolution Office of Maryland on or about June 30, 2008. A copy of the Renewed Election to Waive Arbitration is attached hereto as Exhibit "C" and prayed to be taken as part hereof.

4. These claims were properly filed in the Health Care Alternative Dispute Resolution Office as they exceed Thirty Thousand Dollars ($30,000.00) in damages.

5. The Plaintiffs relate back to, repeat, reallege, adopt and incorporate by reference the initial Statement of Claim filed with the Health Care Alternative Dispute Resolution Office on or about June 27, 2008 as though fully set forth herein.

## PARTIES

6. The Plaintiff, Latress Williams, is an adult citizen of the District of Columbia, residing at 329 Anacostia Road, S.E., Apartment L42, Washington, DC 20019.

7. The Defendant, Holy Cross Hospital of Silver Spring, Inc. (hereinafter "Holy Cross Hospital"), is a corporation organized and existing under the laws of the State of Maryland with its principal place of business in Silver Spring, Montgomery County,

Case 8:08-cv-01706-DKC   Document 1   Filed 07/01/08   Page 3 of 12
3

Maryland.

8. The Defendant, Holy Cross Anesthesiology Associates, P.A. (hereinafter "HCAA") is a professional corporation organized and existing under the laws of the State of Maryland with its principal place of business in Potomac, Montgomery County, Maryland.

9. At all relevant times, Defendants, Holy Cross Hospital and HCAA, were the actual and/or apparent employers and/or principals of the anesthesiology staff, including Daniela Wiggins, M.D., who provided care to Plaintiff Latress Williams beginning on May 9, 2006.

## JURISDICTION AND VENUE

10. This Honorable Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332 (diversity of citizenship), in that there is complete diversity of citizenship among the parties and the amount in controversy in this matter exceeds Seventy-Five Thousand Dollars ($ 75,000.00). Venue is appropriate in this Honorable Court, pursuant to 28 U.S.C. § 1391(a)(1) and (3), as a place wherein the Defendants have their principal place of business.

## COUNT I
## (Negligence)

The Plaintiff, Latress Williams, repeats, realleges, adopts and incorporates by reference paragraphs 1 through 10 of this Complaint as though fully set forth herein.

11. At all relevant times, Defendant, Holy Cross Hospital, as the actual and/or apparent principal of Daniela Wiggins, M.D., and any other anesthesia staff providing anesthesia to Latress Williams on May 9, 2006, was and is responsible for the acts and omissions of its employees, representatives and actual and apparent agents under the

doctrines of agency and *respondeat superior*.

12. At all relevant times, Defendant HCAA, as the employer/principal of Daniela Wiggins, M.D., and any other anesthesia staff providing anesthesia to Latress Williams on May 9, 2006, was and is responsible for the acts and omissions of its employees, representatives and actual and apparent agents under the doctrines of agency and *respondeat superior*.

13. On or about May 8, 2006, Plaintiff Latress Williams presented to the Camp Springs office of Kaiser Permanente with a complaint of a painful knot in her right groin area. She was diagnosed as suffering from an inguinal hernia. Kaiser's Camp Springs office instructed Plaintiff to report to the Holy Cross Hospital emergency department for surgical evaluation.

14. Plaintiff Williams arrived at Holy Cross Hospital at about 11:15 p.m. on May 8, 2005, where she was diagnosed with an incarcerated inguinal hernia. Dr. Ira Tannebaum, a general surgeon, scheduled Plaintiff for surgery the next morning.

15. On May 9, 2006, Defendants' employee/agent, Dr. Daniela Wiggins, an anesthesiologist, met with Plaintiff Williams, completed the pre-anesthetic evaluation record, and recommended spinal anesthesia for Plaintiff's surgery because of Plaintiff's recent asthma exacerbation, cough and upper respiratory infection. At no time was a consent form specific to anesthesia presented to Plaintiff. Nor was a risk of paralysis, permanent nerve damage, pain, or leg weakness disclosed.

16. Prior to the start of the surgery, Defendants Holy Cross and HCAA, through their real or ostensible employee or agent, Daniela Wiggins, M.D., administered spinal anesthesia to Plaintiff Latress Williams. Although Dr. Wiggins apparently believed that

she was administering the spinal at the L3-L4 level, she negligently administered the spinal at the L1-L2 level, which was too high.

17. In the recovery room, Plaintiff Latress Williams was unable to move her left leg at all and only able to move her right leg a little bit. She complained of numbness up to the knee bilaterally. Plaintiff also complained of pain, for which she received pain medication. Plaintiff was told in the recovery room that the staff expected her to recover full movement once the anesthesia had worn off.

18. Over the next two day period, while the numbness improved and Ms. Williams' left leg motor function improved, she still had marked weakness in her right leg.

19. On varying medical examinations while she was still in Holy Cross, physicians uniformly noted that the puncture mark for the spinal anesthesia was at the L1-L2 interval. For example, the consultation note by Dr. Andrew Dutka, a neurologist, records the lumbar puncture site to be at the L1-2 level. The internal medicine note while Ms. Williams was still in the hospital records a healed needle mark at L1. The Transfer Summary notes healed needle marks at the L1 level.

20. MRIs taken of the brain and cervical spine were normal, without any evidence of spinal cord compression at those levels to explain Plaintiff Williams' continued right leg weakness and back pain. Similarly, a CT scan of the abdomen and pelvis showed no evidence of retroperitoneal hemorrhage.

21. By May 14, 2006, her day of transfer, Ms. Williams was still suffering from pain in her back near the injection site, numbness in her right thigh and buttocks, and persistent, marked weakness in her right leg, with decreased strength in the right psoas muscle, hip abductor and quad muscle. Instead of going home, Ms. Williams was

transferred to a nursing home for intensive physical therapy. On transfer, the physicians who had cared for Ms. Williams following the surgery concluded that her right leg weakness, numbness and disability were due to an L1 nerve root injury caused by the spinal anesthesia.

22. Prior to surgery, Ms. Williams had no back or leg pain, weakness or difficulty with walking or bearing weight. Today, she continues to have persistent, marked weakness in her right leg, with decreased strength in the right psoas muscle, hip abductor and quad muscle, difficulty walking, back and leg pain and decreased sensation. Given the length of time that has passed since Ms. Williams' surgery, Ms. Williams' disabilities are expected to be permanent.

23. At all relevant times, the Defendants, through their real, apparent and/or ostensible agents, servants and/or employees, owed to the Plaintiff the duty to exercise that degree of care, skill and judgment ordinarily expected of reasonably competent medical providers in their chosen specialty acting in the same or similar circumstances. That duty included the proper acquisition and interpretation of clinical, radiologic, laboratory, pathologic and diagnostic information and data; the delivery of adequate and appropriate anesthesia, the prompt employment of appropriate procedures and treatments to correct any misdelivery of anesthesia; the continuous evaluation of the effects of such treatment(s); the adjustment of the course of such treatment(s) in response to such evaluation(s); and the duty of appropriate notification to the Plaintiff, Latress Williams, of the various alternatives and risks involved in various modalities of treatment.

24. Defendants Holy Cross and HCAA, through their real, apparent and/or ostensible agents, servants and/or employees, breached the accepted standards of

anesthesiology care, and were negligent in at least the following ways:

>  a. Delivering spinal anesthesia to Latress Williams at the L1-2 level on May 9, 2006;
>
>  b. Delivering spinal anesthesia in such a way as to increase the risk of spinal cord and/or nerve root injuries;
>
>  c. Failing to employ adequate diagnostic procedures and tests to determine the correct level for delivery of spinal anesthesia;
>
>  d. Failing to act within the standard of care in their care and treatment of Plaintiff Williams;
>
>  e. Failing to exercise timely and reasonable care in employing appropriate treatments and procedures to deliver anesthesia;
>
>  f. Failing to exercise timely and reasonable care adjusting the chosen course of anesthesia treatment and care for Plaintiff Williams; and
>
>  g. Being otherwise careless and negligent.

25. As a direct and proximate result of the inadequate, inappropriate, and substandard management of medical care and anesthesia by the Defendants, through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiff, Latress Williams was injured and damaged.

26. The Plaintiff Latress Williams further alleges that the injuries, damages and losses sustained by her were due to the negligent and careless acts and omissions of the Defendants, Holy Cross and HCAA, through their real, apparent and/or ostensible agents, servants and/or employees, who breached their aforementioned duties to the Plaintiff.

27. The Plaintiff further alleges that as a result of the negligent and careless acts and omissions of the Defendants, Holy Cross and HCAA, through their real, apparent

and/or ostensible agents, servants and/or employees, the Plaintiff, Latress Wiliams experienced a severe shock to her nerves and nervous system, pain, mental anguish, unnecessary procedures, unnecessary hospital and medical care and expenses, permanent crippling of her right leg, loss of earnings and earning capacity and otherwise was hurt, injured and damaged.

28. The Plaintiff further alleges that all of these injuries and damages were caused by the negligent acts and omissions of the Defendants, Holy Cross and HCAA, through their real, apparent and/or ostensible agents, servants and/or employees, without any negligence or want of due care on the part of the Plaintiff thereunto contributing.

29. At all relevant times, Holy Cross and HCAA, as the real and/or ostensible employer/principal of Daniela Wiggins, M.D., were and are responsible for the acts and omissions of their employees, representatives and actual and apparent agents under the doctrines of agency and *respondeat superior*.

WHEREFORE, this claim is brought by the Plaintiff, Latress Williams, against the Defendants, Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A., in an amount in excess of the minimum jurisdiction of the United States District Court for the District of Maryland.

## COUNT II
### (Informed Consent )

The Plaintiff, Latress Williams, repeats, realleges, adopts and incorporates by reference paragraphs 1 through 29 of this Complaint as though fully set forth herein.

30. Based on the foregoing allegations of fact, Plaintiff Latress Williams sues Defendants, Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology

9

Associates, P.A., for negligence and medical malpractice on the grounds that Defendants Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A., failed to exercise the requisite degree of due care, skill, and diligence customarily exercised by anesthesiologists and/or other health care providers delivering anesthesia by failing to disclose all material information, risks and warnings, as well as alternative treatments to the spinal anesthesia, to Plaintiff Latress Williams prior to delivery of the spinal anesthesia on May 9, 2006. Accordingly, Defendants Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A. were negligent and breached the accepted standards of care in failing to obtain Ms. Williams' informed consent.

31. As a direct and proximate result of the negligence of the Defendants, Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A., through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiff, Latress Williams experienced a severe shock to her nerves and nervous system, pain, mental anguish, unnecessary procedures, unnecessary hospital and medical care and expenses, permanent crippling injury to her right leg, loss of earnings and earning capacity and otherwise was injured and damaged.

32. All of these injuries and damages were caused by the negligent acts and omissions of the Defendants, Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A., through their real, apparent and/or ostensible agents, servants and/or employees, without any negligence or want of due care on the part of the Plaintiff thereunto contributing.

WHEREFORE, this claim is brought by the Plaintiff, Latress Williams against the Defendants, Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology

Associates, P.A., in an amount in excess of the minimum jurisdiction of the United States District Court for the District of Maryland.

/s/ _____
HENRY E. DUGAN, JR.(Bar#:01320)
ALISON D. KOHLER (Bar#:01127)
Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| Latress Williams<br>329 Anacostia Road, S.E.<br>Apt. L-42<br>Washington, DC 20019 | *<br>*<br>*<br>*<br>*<br>* | |
| Plaintiff | * | Civil Action No.: |
| | * | |
| v. | *<br>* | |
| Holy Cross Hospital of Silver Spring, Inc.<br>1500 Forest Glen Road<br>Silver Spring, MD 20910 | *<br>*<br>*<br>* | |
| Serve On:<br>Resident Agent, Kevin J. Sexton<br>1500 Forest Glen Road<br>Silver Spring, MD 20910 | *<br>*<br>*<br>*<br>* | |
| and | *<br>* | |
| Holy Cross Anesthesiology Associates, P.A.<br>7315 Wisconsin Avenue, Suite 242W<br>Bethesda, MD 20814 | *<br>*<br>*<br>*<br>* | |
| Serve On:<br>Resident Agent, Sheldon J. Singer, Esq.<br>7315 Wisconsin Avenue, Suite 242W<br>Bethesda, MD 20814 | *<br>*<br>*<br>*<br>* | |
| Defendants | * | |

***************

## **ELECTION FOR JURY TRIAL**

The Plaintiff in the above titled claim elects to have this case heard before a jury panel.

2

_____
HENRY E. DUGAN, JR.(Bar#:01320)
ALISON D. KOHLER (Bar#:01127)
Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
Attorneys for Plaintiffs