RECEIVED JUN 2 7 2008 HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE

# HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE
6 St. Paul Street, Suite 1501
Baltimore, Maryland 21202-1608
(410) 767-8200

## CLAIM FORM        HCA NO.: _____

| CLAIMANT(S) | HEALTH CARE PROVIDER(S) |
|---|---|
| Name: Latress Williams | Name: Holy Cross Hospital of Silver Spring, Inc. Resident Agent: Kevin J. Sexton |
| Street Address: 329 Anacostia Road, SE, Apt.L42 | Street Address: 1500 Forest Glen Road |
| City, State, Zip Code: Washington, DC 20019 | City, State, Zip Code: Silver Spring, MD 20910 |
| | Name: Holy Cross Anesthesiology Associates, PA Resident Agent: Sheldon J. Singer, Esq. |
| Name: | Street Address: 7315 Wisconsin Avenue, Suite 242W |
| Street Address: | City, State, Zip Code: Bethesda, MD 20814 |
| City, State, Zip Code: | |
| Name: | Name: |
| Street Address: | Street Address: |
| City, State, Zip Code: | City, State, Zip Code: |

(1) This claim is filed pursuant to Title 3, Subtitle 2A of the Courts Article. The damages claimed are in excess of $~~2,500,000.00~~ 30,000.00, and the appropriate venue is: United States District Court for the District of Maryland.

(2) The basis of the claim is described on the page(s) attached hereto.

(3) The resolution of the claim will involve particular expertise in this area of specialty __003, 151__
(PLEASE SEE REVERSE SIDE FOR AREAS OF CONCENTRATION)

**WARNING:** Each Claimant has been advised that he/she may be held civilly liable for part or all the Costs resulting from the filing of this claim, whether it is won or lost; this would be an individual and personal responsibility.

| ATTORNEY FOR CLAIMANT(S) | CLAIMANT(S) |
|---|---|
| Signature: Alison D. Kohler | Signature for each Claimant: Latress Williams |
| 1966 Greenspring Drive, Suite 500 | |
| Street Address | |
| Timonium, MD 21093 | |
| City, State, Zip Code | |
| 410-308-1600 | |
| Telephone Number | |

EXHIBIT A

RECEIVED JUN 27 2008 HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE

HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE
6 ST. PAUL STREET, SUITE 1501
BALTIMORE, MARYLAND 21202-1608
410-767-8200

## PERSONAL INFORMATION CERTIFICATION

HCA #_____

1. AGENCY APPROPTIATION CODE: 23.01.05

2. CLAIMANT(S) __Latress Williams__

3. HOME ADDRESS:
   __329 Anacostia Road, SE, Apt. L42__

   CITY __Washington__   STATE __DC__   ZIP CODE __20019__

4. TELEPHONE NUMBERS: WORK ( ) _____

   HOME (202) 581-0825

5. DATE OF BIRTH    July 6, 1977

6. SOCIAL SECURITY NUMBER(S):   579 - 98 - 4548

7. MARYLAND DRIVER'S LICENSE NUMBER(S): _____

8. TAXPAYER IDENTIFICATION NUMBER (FEIN)   (IF APPLICABLE)



RECEIVED
JUN 2 7 2008
HEALTH CARE
ALTERNATIVE DISPUTE
RESOLUTION OFFICE

## STATEMENT OF CLAIM

Now come the Claimant, Latress Williams, by and through her attorneys, Henry E. Dugan, Alison D. Kohler, and Dugan, Babij & Tolley, LLC, and sues the Defendants/Health Care Providers, Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A., individually and/or through their real, apparent and/or ostensible agents, servants and/or employees, and states:

### PARTIES

1. The Claimant, Latress Williams, is an adult citizen of the District of Columbia, residing at 329 Anacostia Road, S.E., Apartment L42, Washington, DC 20019.

2. The Defendant/Health Care Provider, Holy Cross Hospital of Silver Spring, Inc. (hereinafter "Holy Cross Hospital"), is a corporation organized and existing under the laws of the State of Maryland with its principal place of business in Silver Spring, Montgomery County, Maryland.

3. The Defendant/Health Care Provider, Holy Cross Anesthesiology Associates, P.A. (hereinafter "HCAA") is a professional corporation organized and existing under the laws of the State of Maryland with its principal place of business in Potomac, Montgomery County, Maryland.

4. At all relevant times, Defendants/ Health Care Providers Holy Cross Hospital and HCAA., were the actual and/or apparent employers and/or principals of the anesthesiology staff, including Daniela Wiggins, M.D., who provided care to Claimant Latress Williams beginning on May 9, 2006.

## JURISDICTION AND VENUE

5. The amount of this claim exceeds Seventy Five Thousand Dollars ($75,000) and venue is appropriate in the United States District Court for the District of Maryland because the claim is between citizens of different States.

## COUNT I
### (Negligence)

The Claimant, Latress Williams, repeats, realleges, adopts and incorporates by reference paragraphs 1 through 5 of this Statement of Claim as though fully set forth herein.

6. At all relevant times, Defendant/Health Care Provider, Holy Cross Hospital, as the actual and/or apparent principal of Daniela Wiggins, M.D., and any other anesthesia staff providing anesthesia to Latress Williams on May 9, 2006, was and is responsible for the acts and omissions of its employees, representatives and actual and apparent agents under the doctrines of agency and *respondeat superior*.

7. At all relevant times, Defendant/Heath Care Provider, HCAA, as the employer/principal of Daniela Wiggins, M.D., and any other anesthesia staff providing anesthesia to Latress Williams on May 9, 2006, was and is responsible for the acts and omissions of its employees, representatives and actual and apparent agents under the doctrines of agency and *respondeat superior*.

8. On or about May 8, 2006, Claimant Latress Williams presented to the Camp Springs office of Kaiser Permanente with a complaint of a painful knot in her right groin area. She was diagnosed as suffering from an inguinal hernia. Kaiser's Camp Springs office instructed Claimant to report to the Holy Cross Hospital emergency department for surgical evaluation.

9. Claimant Williams arrived at Holy Cross Hospital at about 11:15 p.m. on May 8, 2005, where she was diagnosed with an incarcerated inguinal hernia. Dr. Ira Tannebaum, a general surgeon, scheduled Claimant for surgery the next morning.

10. On May 9, 2006, Defendants' employee/agent, Dr. Daniela Wiggins, an anesthesiologist, met with Claimant Williams, completed the pre-anesthetic evaluation record, and recommended spinal anesthesia for Claimant's surgery because of Claimant's recent asthma exacerbation, cough and upper respiratory infection. At no time was a consent form specific to anesthesia presented to Claimant. Nor was a risk of paralysis, permanent nerve damage, pain, or leg weakness disclosed.

11. Prior to the start of the surgery, Defendants Holy Cross and HCAA, through their real or ostensible employee or agent, Daniela Wiggins, M.D., administered spinal anesthesia to Claimant Latress Williams. Although Dr. Wiggins apparently believed that she was administering the spinal at the L3-L4 level, she mistakenly administered the spinal at the L1-L2 level, which was too high.

12. In the recovery room, Claimant Latress Williams was found to be unable to move her left leg at all and only able to move her right leg a little bit. She complained of numbness up to the knee bilaterally. Claimant also complained of pain, for which she received pain medication. Claimant was told in the recovery room that the staff expected her to recover full movement once the anesthesia had worn off.

13. Over the next two day period, while the numbness improved and Ms. Williams' left leg motor function improved, she still had marked weakness in her right leg.

14. On varying medical examinations while she was still in Holy Cross, physicians uniformly noted that the puncture mark for the spinal anesthesia was at the L1-L2 intervals. For example, the consultation notes by Dr. Andrew Dutka, a neurologist,

record the lumbar puncture site to be at the L1-2 level. The internal medicine note while Ms. Williams was still in the hospital records a healed needle mark at L1. The Transfer Summary notes healed needle marks at the L1 level.

15. MRIs taken of the brain and cervical spine were normal, without any evidence of spinal cord compression at those levels to explain Claimant Williams' continued right leg weakness and back pain. Similarly, a CT scan of the abdomen and pelvis showed no evidence of retroperitoneal hemorrhage.

16. By May 14, 2006, her day of transfer, Ms. Williams was still suffering from pain in her back near the injection site, numbness in her right thigh and buttocks, and persistent, marked weakness in her right leg, with decreased strength in the right psoas muscle, hip abductor and quad muscle. Instead of going home, Ms. Williams was transferred to a nursing home for intensive physical therapy. On transfer, the physicians who had cared for Ms. Williams following the surgery concluded that her right leg weakness, numbness and disability were due to an L1 nerve root injury caused by the spinal anesthesia.

17. Prior to surgery, Ms. Williams had no back or leg pain, weakness or difficulty with walking or bearing weight. Today, she continues to have persistent, marked weakness in her right leg, with decreased strength in the right psoas muscle, hip abductor and quad muscle, difficulty walking, back and leg pain and decreased sensation. Given the length of time that has passed since Ms. Williams' surgery, Ms. Williams' disabilities are expected to be permanent.

18. At all relevant times, the Defendants/Health Care Providers, through their real, apparent and/or ostensible agents, servants and/or employees, owed to the Claimant the duty to exercise that degree of care, skill and judgment ordinarily expected of

reasonably competent medical providers in their chosen specialty acting in the same or similar circumstances. That duty included the proper acquisition and interpretation of clinical, radiologic, laboratory, pathologic and diagnostic information and data; the delivery of adequate and appropriate anesthesia, the prompt employment of appropriate procedures and treatments to correct any misdelivery of anesthesia; the continuous evaluation of the effects of such treatment(s); the adjustment of the course of such treatment(s) in response to such evaluation(s); and the duty of appropriate notification to the Claimant, Latress Williams, of the various alternatives and risks involved in various modalities of treatment.

19. Defendants/Health Care Providers Holy Cross and HCAA, through their real, apparent and/or ostensible agents, servants and/or employees, breached the accepted standards of anesthesiology care, and were negligent in at least the following ways:

a. Delivering spinal anesthesia to Latress Williams at the L1-2 level on May 9, 2006;

b. Delivering spinal anesthesia in such a way as to increase the risk of spinal cord and/or nerve root injuries;

c. Failing to employ adequate diagnostic procedures and tests to determine the correct level for delivery of spinal anesthesia;

d. Failing to act within the standard of care in their care and treatment of Claimant Williams;

e. Failing to exercise timely and reasonable care in employing appropriate treatments and procedures to deliver anesthesia;

f. Failing to exercise timely and reasonable care adjusting the chosen course of anesthesia treatment and care for Claimant Williams; and

g. Being otherwise careless and negligent.

20. As a direct and proximate result of the inadequate, inappropriate, and substandard management of medical care by the Defendants/Health Care Providers, through their real, apparent and/or ostensible agents, servants and/or employees, the Claimant, Latress Williams was injured and damaged.

21. The Claimant Latress Williams further alleges that the injuries, damages and losses sustained by the her were due to the negligent and careless acts and omissions of the Defendants/Health Care Providers, Holy Cross and HCAA, through their real, apparent and/or ostensible agents, servants and/or employees, who breached their aforementioned duties to the Claimant.

22. The Claimant further alleges that as a result of the negligent and careless acts and omissions of the Defendants/Health Care Providers, Holy Cross and HCAA, through their real, apparent and/or ostensible agents, servants and/or employees, the Claimant, Latress Williams experienced a severe shock to her nerves and nervous system, pain, mental anguish, unnecessary procedures, unnecessary hospital and medical care and expenses, permanent crippling of her right leg, loss of earnings and earning capacity and otherwise was hurt, injured and damaged.

23. The Claimant further alleges that all of these injuries and damages were caused by the negligent acts and omissions of the Defendants/Health Care Providers, Holy Cross and HCAA, through their real, apparent and/or ostensible agents, servants and/or employees, without any negligence or want of due care on the part of the Claimant thereunto contributing.

24. At all relevant times, Holy Cross and HCAA, as the real and/or ostensible employer/principal of Daniela Wiggins, M.D., were and are responsible for the acts and

omissions of their employees, representatives and actual and apparent agents under the doctrines of agency and *respondeat superior.*

WHEREFORE, this claim is brought by the Claimant, Latress Williams, against the Defendants/Health Care Providers, Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A., in an amount in excess of the minimum jurisdiction of the Health Claims Alternative Dispute Resolution Office.

### COUNT II
### (Informed Consent)

The Claimant, Latress Williams, repeats, realleges, adopts and incorporates by reference paragraphs 1 through 24 of this Statement of Claim as though fully set forth herein.

25.  Based on the foregoing allegations of fact, Claimant Latress Williams sues Defendants/Health Care Providers, Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A., for negligence and medical malpractice on the grounds that Defendants/Health Care Providers Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A., failed to exercise the requisite degree of due care, skill, and diligence customarily exercised by anesthesiologists and/or other health care providers delivering anesthesia by failing to disclose all material information, risks and warnings, as well as alternative treatments to the spinal anesthesia, to Claimant Latress Williams prior to delivery of the spinal anesthesia on May 9, 2006.  Accordingly, Defendants/Health Care Providers Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A. were negligent and breached the accepted standards of care in failing to obtain Ms. Williams' informed consent.

26. As a direct and proximate result of the negligence of the Defendants/Health Care Providers, Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A., through their real, apparent and/or ostensible agents, servants and/or employees, the Claimant, Latress Williams experienced a severe shock to her nerves and nervous system, pain, mental anguish, unnecessary procedures, unnecessary hospital and medical care and expenses, permanent crippling injury to her right leg, loss of earnings and earning capacity and otherwise was injured and damaged.

27. All of these injuries and damages were caused by the negligent acts and omissions of the Defendants/Health Care Providers, Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A., through their real, apparent and/or ostensible agents, servants and/or employees, without any negligence or want of due care on the part of the Claimant thereunto contributing.

WHEREFORE, this claim is brought by the Claimant, Latress Williams against the Defendants/Health Care Providers, Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A., in an amount in excess of the minimum jurisdiction of the Health Care Alternative Dispute Resolution Office.

HENRY E. DUGAN, JR.
ALISON D. KOHLER
Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
Attorneys for Claimants