| | | |
|---|---|---|
| LATRESS WILLIAMS | * | BEFORE THE |
| | * | |
| Claimant | * | HEALTH CARE |
| | * | |
| | * | ALTERNATIVE DISPUTE |
| vs. | * | |
| | * | RESOLUTION OFFICE |
| HOLY CROSS HOSPITAL OF | * | |
| SILVER SPRING, INC., et al., | * | |
| | * | |
| | * | |
| Defendants | * | HCA No: _____ |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF MERIT AND REPORT

I, COREY A. BURCHMAN, do hereby certify, affirm and attest that:

1. In my professional opinion there were violations of the standard of care by the Defendants/Health Care Providers, Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A., individually and/or through their real, apparent and/or ostensible agents, servants and/or employees, responsible for the delivery of anesthesia to Claimant Latress Williams on May 9, 2006, including without limitation Daniela Wiggins, M.D.

2. It is my further professional opinion that, as a direct result of the violations of the standard of care by the Defendants/Health Care Providers, Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A., individually and/or through their real, apparent and/or ostensible agents, servants and/or employees, the Claimant, Latress Williams, was injured and damaged.

3. I further certify that I have had clinical experience, provided consultation relating to clinical practice, and/or taught medicine in the field of anesthesiology, and/or

EXHIBIT B

in related fields of health care, within five (5) years of the date of the above-identified acts or omissions giving rise to this claim.

4. I further certify that I am Board-certified in the field of anesthesiology and/or related specialties, and/or that I have taught medicine in those specialties or in a related field of health care.

5. I also certify that I do not devote annually more than 20% of my professional activities to activities that directly involve testimony in personal injury claims.

_____
COREY A. BURCHMAN, M.D.


I hereby certify that the above Certificate of Merit and Report is true and correct to the best of my knowledge, information and belief.

_____
COREY A. BURCHMAN, M.D.

RE:  Latress Williams

TO WHOM IT MAY CONCERN:

I have reviewed the following medical records related to the care and treatment of Latress Williams:
1. Holy Cross Hospital (5/8/06 – 5/14/06);
2. Heartland Healthcare Center (5/14/06 – 5/23/06);
3. Medical records of Kaiser Permamente;
4. 5/10/06 – Holy Cross Hospital - MRI – lumbar spine;
2. 5/12/06 – Holy Cross Hospital - MRI – abdomen & spine;
3. 5/12/06 – Holy Cross Hospital - CT Scan – abdomen & spine;
4. 5/13/06 – Holy Cross Hospital - MRI – brain & cervical spine;
5. X-rays taken at the direction of Joel Winer, M.D.
6. Report of Joel Winer, M.D.

Based upon the information presently available to me, it appears that Latress Williams underwent spinal anesthesia on May 9, 2006 in preparation for a hernia repair surgery. The spinal anesthesia was administered by Daniela Wiggins, M.D., who I understand was an employee and/or real or ostensible agent of Defendants/Health Care Providers, Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A. Although Dr. Wiggins indicates that she administered the spinal anesthesia at L3-4, all of the evidence I have seen following the surgery is to the contrary. Consultation notes by Dr. Andrew Dutka, a neurologist, record the lumbar puncture site to be at the L1-2 level. The internal medicine note while Ms. Williams was still in the hospital records a healed needle mark at L1. The Transfer Summary notes healed needle marks at the L1 level. Examination by Dr. Joel Winer, a neurosurgeon, demonstrated a tender puncture site at the L1-2 level.

Prior to surgery, Ms. Williams had no back or leg pain, weakness or difficulty with walking or bearing weight. Postoperatively, she was found to have numbness and weakness of the bilateral lower extremities. While her left leg motor function improved, on discharge, Ms. Williams still had marked weakness in the right leg, with decreased strength in the right psoas muscle, hip abductor and quad muscle. Ms. Williams was transferred to a nursing home for intensive physical therapy. One year later, she continued to have weakness in the same muscle groups, difficulty walking, back and leg pain and decreased sensation

Based on my review of the information presently available to me, I am of the opinion, to a reasonable degree of medical probability, that there were violations of the standard of care by the Defendants/Health Care Providers Holy Cross Hospital of Silver Spring, Inc., and Holy Cross Anesthesiology Associates, P.A., acting through their real, apparent and/or ostensible agents, servants and/or employees, including without limitation Daniela Wiggins, M.D. These breaches of the standard of care include, but are not limited to the following:

      a. Delivering spinal anesthesia to Latress Williams at the L1-2 level on May 9, 2006;

b. Delivering spinal anesthesia in such a way as to increase the risk of spinal cord and/or nerve root injuries;

c. Failing to employ adequate diagnostic procedures and tests to determine the correct level for delivery of spinal anesthesia;

d. Failing to act within the standard of care in their care and treatment of Claimant Williams;

e. Failing to exercise timely and reasonable care in employing appropriate treatments and procedures to deliver anesthesia; and

f.. Failing to exercise timely and reasonable care adjusting the chosen course of anesthesia treatment and care for Claimant Williams.

It is my further opinion, to a reasonable degree of medical probability, that if the spinal anesthesia had been delivered to Latress Williams within the standard of care, Ms. Williams would not have suffered the injury and damage to the nerve roots that have left her with pain, weakness and a permanent disability.

I have had clinical experience, provided consultation relating to clinical practice, and/or taught medicine in the specialty of anesthesiology or a related field of health care, within five (5) years of the date of the above-identified acts or omissions giving rise to this claim.

I am board-certified in anesthesiology and/or a related specialty, and/or have taught medicine in internal medicine and hematology or a related field of health care.

Further, I do not spend more than 20% of my professional time involving testimony in personal injury cases.

The opinions expressed herein are based on the medical records identified above. I reserve the right to supplement, modify or amend these opinions as additional medical records or testimony is provided to me.

Very truly yours,

Corey A. Burchman, M.D.