# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

| | |
|---|---|
| LATRESS WILLIAMS | * |
| | * |
| | * Civil Action No. |
| Plaintiff | * 8:08-CV-01706-DKC |
| v. | * |
| | * |
| HOLY CROSS HOSPITAL OF SILVER | * |
| SPRING, INC., et al. | * |
| | * |
| Defendants | * |

## MOTION IN LIMINE
### (As to Collateral Source Evidence)

Now comes the Plaintiff, Latress D. Williams, by her attorneys, Henry E. Dugan, Jr., Alison D. Kohler and Dugan, Babij & Tolley, LLC, and for the reasons stated below respectfully requests that this Honorable Court grant her Motion in Limine as to Collateral Source Evidence.

**II.     LEGAL ANALYSIS.**

   **A.  Maryland law bars the introduction of "collateral source" evidence.**

   1.      For at least one hundred years, Maryland courts have upheld and applied the collateral source rule in personal injury litigation:

> Since 1899, the collateral source rule has been applied in this State to permit an injured person to recover in tort the full amount of his provable damages regardless of the amount of compensation which the person has received for his injuries **from sources unrelated to the tortfeasor**.

Motor Vehicle Admin. v. Seidel Chevrolet, Inc., 326 Md. 237, 250, 604 A.2d 473, 481 (1992) (citing City Pass. Rwy. Co. v. Baer, 90 Md. 97, 44 A. 992 (1899)). Accord Plank v. Summers, 203 Md. 552, 562, 102 A.2d 262, 266-67 (1954) (collateral source rule

applies to payments and services made gratuitously or by the government); <u>Piquette v. Stevens</u>, slip op. at 15 (Md. App. Oct. 28, 1999) (Wenner, J.) ("<u>Plank v. Summers</u> is still alive").

    2.    The Court of Appeals in <u>Seidel</u> recognized the codification of the collateral source rule in the Restatement (Second) of Torts:

> Payments made to or benefits conferred on the injury party from other sources are not credited against the tortfeasor's liability although they cover all or a part of the harm for which the tortfeasor is liable.

Restatement (Comment) of Torts, sec. 920A(2). Comment b to that section sets out the rationale for applying the collateral source rule:

> Payments made or benefits conferred other sources are known as collateral-source benefits. **They do not have the effect of reducing the recovery against the Defendant**. The injured party's net loss may have been reduced correspondingly, as to the extent that the Defendant is required to pay the total amount there may be a double compensation for a part of the Plaintiff's injury. **But it is the position of the law that a benefit that is directed to the injury party should not be shifted so as to become a windfall for the tortfeasor**. If the Plaintiff was himself responsible for the benefit, as by maintaining his own insurance or by making advantageous employment arrangements, the law allows him to keep it for himself. If the benefit was a gift to the Plaintiff from a third party or established for him by law, he should not be deprived of the advantage that it confers. **The law does not differentiate between the nature of the benefits, so long as they did not come from the Defendant or a person acting for him. One way of stating this conclusion is to say that it is the tortfeasor's responsibility to compensation for all harm that he causes, not confined to the net loss that the injured party receives.**

Restatement (Second) of Torts, § 920A, comment b (<u>quoted</u> <u>with</u> <u>approval</u> <u>in</u> Seidel, 326 Md. at 254, 604 A.2d at 481-82 (emphasis added)).

3. The collateral source rule in Maryland applies with equal force to past and future governmental, charitable, gratuitous and any other payments made or services provided to the Plaintiff from sources other than the Defendants -- "the law does not differentiate between the nature of the benefits so long as they did not come from the Defendant or a person acting for him." Seidel, 326 Md. at 254, 604 A.2d at 482 (quoting Restatement (Second) of Torts § 920A, comment b).

4. As comment c to section 920A of the Restatement sets forth:

> The rule that collateral benefits are not subtracted from the Plaintiff's recovery applied to the following types of benefits:
>
> Insurance policies, whether maintained by the Plaintiff or a third party . . .;
>
> Employment benefits. These may be gratuitous as in the case in which the employer, although not legally required to do so, continues to pay the employee's wages during his incapacity. They may also be benefits arising out of the employment contract or a union contract . . .;
>
> Gratuities. This applies to cash gratuities and to the rendering of services. Thus the fact that the doctor did not charge for his services or the Plaintiff was treated in a veteran's hospital does not prevent his recovery for the reasonable value of the services.
>
> Social legislation benefits. Social security, welfare payments, pensions under special retirement acts, all are subject to the collateral source rule.

Restatement (Second) of Torts, sec. 920A, comment c. As noted above, the Court of Appeals in Seidel endorsed the legal principles underlying the collateral source rule as stated in § 920A.

5. The Plaintiff avers that it would be unfair, prejudicial and confuse the issues and mislead the jury to allow the Defendants or their counsel or any witness under direct or cross-examination to state in opening statement, give testimony, argue in closing argument or in any other way to mention or refer to or argue or bring out in cross-examination the past or future payment of medical expenses, life insurance or any other collateral source payments.

WHEREFORE, the Plaintiff prays:

A. That the Defendants and/or their counsel and/or any witnesses on direct or cross-examination shall not be allowed to state in opening statement, give testimony, argue in closing argument or in any way otherwise mention or refer to or argue or bring out in cross-examination the provision of past collateral source benefits or services to the Plaintiff, including payment of medical bills and insurance benefits;

B. That Plaintiff be allowed to redact from the medical bills submitted in evidence any reference to insurance payments; and

C. For such other and further relief as the nature of her cause may require.

Respectfully Submitted,

_/s/ ALISON D. KOHLER_____
Henry E. Dugan, Jr., Bar #08803
Alison D. Kohler, Bar #01127
Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
akohler@medicalneg.com
Attorneys for Plaintiffs

STATEMENT OF GROUNDS AND AUTHORITIES

F.R.E. 403.

Restatement (Second) of Torts § 920A.

Brandon HMA, Inc. v. Bradshaw, 809 So.2d 611 (Miss. 2003).

Cates v. Wilson, 361 S.E.2d 734 (N.C. 1987).

Enson v. Wilson, 519 So.2d 1244 (Ala. 1978).

Healy v. White, 378 A.2d 540 (Conn. 1977).

Motor Vehicle Admin. v. Seidel Chevrolet, Inc., 326 Md. 237, 604 A.2d 473 (1992) (citing City Pass. Rwy. Co. v. Baer, 90 Md. 97, 44 A. 992 (1899).

Northern Trust Co. v. County of Cook, 481 N.E.2d 957 (Ill.App. 1985).

Plank v. Summers, 203 Md. 552, 562, 102 A.2d 262, 264 (1954).

Williston v. Ard, 611 So.2d 274 (Ala. 1991).

      /s/ ALISON D. KOHLER_____

Henry E. Dugan, Jr., Bar #08803
Alison D. Kohler, Bar #01127
Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
akohler@medicalneg.com
Attorneys for Plaintiffs