# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| LATRESS WILLIAMS | * |
| | * |
| | *   Civil Action No. |
| Plaintiff | *   8:08-CV-01706-DKC |
| v. | * |
| | * |
| HOLY CROSS HOSPITAL OF SILVER SPRING, INC., et al. | * |
| | * |
| | * |
| Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION IN LIMINE**
**(To Strike or, in the Alternative, to Limit, Cumulative**
**Defense Expert Witness Testimony)**

Now come the Plaintiff, Latress Williams, by and through her attorneys, Henry E. Dugan, Jr., Alison D. Kohler, and Dugan, Babij & Tolley, LLC, and for the reasons hereinafter stated, respectfully requests that this Honorable Court grant her Motion in Limine to Strike or, in the Alternative, to Limit, Cumulative Defense Expert Witness Testimony.

1. This medical malpractice case arises out of the delivery of spinal anesthesia by Dr. Daniela Wiggins to Plaintiff Latress Williams on May 9, 2006 at Holy Cross Hospital. Plaintiff chose not to sue Dr. Wiggins individually but to, instead, sue her actual employer – Defendant Holy Cross Anesthesiology Associates, P.A. (hereinafter "HCAA"), and her actual and/or apparent principal, Defendant Holy Cross Hospital of Silver Spring, Inc. (hereinafter "Holy Cross"). The claims against Holy Cross are vicarious only.

2. On March 5, 2009. Defendant HCAA named as expert witnesses two anesthesiologists – Mark Pressman, M.D. and Stephen Thomas, M.D. to testify that Dr. Wiggins did not breach the standard of care in her delivery of spinal anesthesia to Plaintiff Williams. HCAA named three other experts on damage issues. (HCAA Designation of Expert Witnesses, attached hereto as Exhibit 1.)

3. On March 6, Defendant, Holy Cross identified as expert witnesses two different anesthesiologists – Timothy Gilbert, M.D. and Charise Petrovich, M.D. to testify that Dr. Wiggins did not breach the standard of care in her delivery of spinal anesthesia to Plaintiff Williams. Holy Cross cross-designated the other three damage experts namded by HCAA (Holy Cross Designation of Expert Witnesses, attached hereto as Exhibit 2.)

4. Deposition testimony from all four of the defense anesthesiology experts confirmed that they will testify that Dr. Daniela Wiggins met the standard of care in her delivery of spinal anesthesia to Plaintiff Latress Williams. There are no other independent issues to which these four witnesses will be testifying. Thus, if allowed, Defendants propose to call **four** expert anesthesiologists **plus** Dr. Wiggins herself, to testify that she met the standard of care in delivering spinal anesthesia to Plaintiff Williams.

5. In contrast, Plaintiff Williams will call only one anesthesiologist to testify to the breaches of the standard of care by Defendants.

6. The Plaintiff submits that the substantially identical deposition testimony of the Defendants' four designated anesthesiology experts identified above will

necessarily entail the introduction of cumulative and redundant testimony at the trial of this matter.

6. Federal Rule of Evidence 403 provides this Honorable Court with wide discretion to exclude the testimony of redundant and cumulative witnesses, including expert witnesses, even though their testimony might be relevant to the matters before the jury:

> **Although relevant, evidence may be excluded** if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by **considerations of undue delay, waste of time, or needless presentation of cumulative evidence**.

FRE 403 (emphasis added).

7. Further, although not directly binding on this Court, when medical malpractice claims are litigated in the Health Care Alternative Dispute Resolution Office, the procedures set forth by the Maryland Legislature limits expert testimony to nore more than two experts in any given field. *See* Md. Cts. & Jud. Proc. Art § 3-2A-05(d).

8. In this case, where there are no issues between the Defendants and when Holy Cross is being sued on various liability theories only, Plaintiff maintains that the Defendants should not be permitted to call a parade of expert witnesses to offer repetitive, cumulative testimony and evidence, with the hope of confusing the issues, misleading the jury or unnecessarily dragging out the ultimate resolution of this case.

14. The Plaintiff respectfully requests that the Defendants be precluded from calling more than one expert witness in the field of anesthesiology to offer standard of care opinion testimony in this case.

WHEREFORE, the Plaintiff prays:

A. That the Defendants be precluded from calling more than one witness in the field of anesthesiology; and

B. For such other and further relief of the nature of their cause may require.

_____
ALISON D. KOHLER (Fed # 01127)
Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
Phone: (410) 308-1600
Fax: (410) 308-1742
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December 2009, a copy of the foregoing Plaintiff's Motion in Limine To Strike or, in the Alternative, to Limit, Cumulative Defense Expert Witness was electronically filed and mailed via first class mail, postage prepaid to:

Jeremy R. Krum, Esquire
Armstrong, Donohue, Ceppos & Vaughan, CH
204 Monroe Street, Suite 101
Rockville, Maryland 20850
*Attorneys for Defendant*
*Holy Cross Anesthesiology Associates, P.A.*

Michelle R. Mitchell, Esquire
Wharton Levin Ehrmantraut & Klein
104 West Street, P.O. Box 551
Annapolis, MD 21404-0551
*Attorneys for Defendant*
*Holy Cross Hospital of Silver Spring, Inc.*

 /s/ ALISON D. KOHLER
Henry E. Dugan, Jr., Bar #08803
Alison D. Kohler, Bar #01127
Dugan, Babij & Tolley, LLC

1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
Attorneys for Plaintiff