## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LATRESS WILLIAMS | * | |
| | * | |
| | * | Civil Action No. |
| Plaintiff | * | 8:08-CV-01706-DKC |
| v. | * | |
| | * | |
| HOLY CROSS HOSPITAL OF SILVER | * | |
| SPRING, INC., et al. | * | |
| | * | |
| Defendants | * | |

## MOTION IN LIMINE
### (As to Introduction of Irrelevant Inflammatory Information about Plaintiff)

Now comes the Plaintiff, Latress Williams, by her attorneys, Henry E. Dugan, Jr., Alison D. Kohler and Dugan, Babij & Tolley, LLC, and for the reasons stated below, respectfully moves this Honorable Court, *in limine*, to exclude the introduction of any evidence or testimony of any irrelevant inflammatory information about Plaintiff, including without limitation, any reference to marijuana use or to pregnancy terminations.

1. This is a medical malpractice action arising out of the delivery of spinal anesthesia on May 9, 2006 at Holy Cross Hospital, which resulted in permanent cord and/or nerve root injury and the resulting pain and disability in Plaintiff's back and right leg. At issue is whether the spinal anesthesia was delivered at too high of a level on the spine.

2. In Plaintiff's medical records and/or during the deposition of Plaintiff in this case, information was elicited regarding Plaintiff's use of marijuana and the fact that Plaintiff has undergone abortions subsequent to the May 9, 2006 injury at issue. That evidence is totally irrelevant to the present action, is not part of admissible evidence as defined by the Federal Rules of Evidence, and should therefore be barred.

3. To be admissible, evidence must be relevant and material to some issue in this case. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401. Evidence that is not relevant is not admissible. FRE 402. The facts that Plaintiff has used marijuana or has elected to terminate a pregnancy can in no way be relevant to any issue in this case. It certainly has no bearing on whether Defendants' employee and agent, Daniela Wiggins, M.D., delivered anesthesia at too high of a level.

4, During a pretrial conference between the Court and counsel on December 16, 2009, counsel for Holy Cross Anesthesiology Associates (hereinafter "HCAA"), mentioned that the issue of abortions may be relevant to the fact that Plaintiff has engaged in sexual activity during the time when she asserts that she is in constant, chronic pain. Plaintiff does not and will not deny at trial that she has engaged in sexual relations. That fact can be elicited at trial, if Defendants choose to do so, without any reference to Plaintiff's choice to terminate a pregnancy.

5. Furthermore, even if in some way relevant and otherwise admissible under the Federal Rules, Plaintiff's use of marijuana or her decision to terminate a pregnancy should be excluded under the "probative versus prejudicial" balancing test set out by FRE 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

6. Introduction of Plaintiff's use of marijuana or her decision to terminate a pregnancy has absolutely no probative value in this medical malpractice case. However, the prejudice from allowing the admission of such evidence would be extremely great. For that reason as well, Defendants should be precluded from introducing evidence of Plaintiff's use of marijuana and her decision to terminate a pregnancy. Defendants should likewise be precluded from questioning Plaintiff about these issues during cross-examination. Finally, Plaintiff's counsel should be allowed to redact references to such activities from medical records going to the jury.

WHEREFORE, for the aforementioned reasons, Plaintiff requests that the Court prohibit Defendants, defense counsel and their witnesses from referring to or introducing evidence of Plaintiff's use of marijuana or her decision to terminate a pregnancy and Plaintiff's counsel should be allowed to redact references to the same from any medical records going to the jury.

Respectfully submitted,

/S/ ALISON D. KOHLER
Henry E. Dugan, Jr.
Alison D. Kohler
Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
Phone: (410) 308-1600
Fax: (410) 308-1742
Attorneys for Plaintiffs

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of December, 2009, copies of the Plaintiff's Motion in Limine as to Irrelevant Inflammatory Evidence were electronically delivered and were mailed first class, postage prepaid to:

Jeremy R. Krum, Esq.
Benjamin S. Vaughan, Esq.
Armstrong, Donohue, Ceppos
& Vaughan, CH
204 Monroe Street
Suite 101
Rockville, MD 20850

David A. Levin, Esq.
Michelle R. Mitchell, Esq.
Wharton, Levin, Ehrmantraut & Klein, PA
104 West Street
Annapolis, MD 21401-2849

/S/ALISON D. KOHLER
HENRY E. DUGAN, JR. (08803)
ALISON D. KOHLER (01127)
DUGAN, BABIJ & TOLLEY, LLC
1966 Greenspring Drive, Suite 500
Timonium, MD 21093
410-308-1600
akohler@medicalneg.com
Attorneys for Plaintiff