IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| LATRESS WILLIAMS | * |
| | * |
| | *   Civil Action No. |
| Plaintiff | *   8:08-CV-01706-DKC |
| v. | * |
| | * |
| HOLY CROSS HOSPITAL OF SILVER | * |
| SPRING, INC., et al. | * |
| | * |
| Defendants | * |

**MOTION IN LIMINE**
(As to Introduction of AANS' Three Month Suspension of
Plaintiff's Expert Joel Winer, M.D.)

Now comes the Plaintiff, Latress Williams, by her attorneys, Henry E. Dugan, Jr., Alison D. Kohler and Dugan, Babij & Tolley, LLC, and for the reasons stated below, respectfully moves this Honorable Court, *in limine*, to exclude the introduction of any evidence or testimony relating to the three month suspension of Plaintiff's expert Joel Winer, M.D., from the voluntary medical association entitled the American Association of Neurological Surgeons (hereinafter "AANS").

1.    This is a medical malpractice action arising out of the delivery of spinal anesthesia on May 9, 2006 at Holy Cross Hospital, which resulted in permanent cord and/or nerve root injury and the resulting pain and disability in Plaintiff's back and right leg. At issue is whether the spinal anesthesia was delivered at too high of a level on the spine.

2.    Joel Winer, M.D., is Plaintiff's neurosurgical expert witness who will testify regarding the issues of causation and damages. Plaintiff anticipates that the Defendants will attempt to introduce evidence at trial of Dr. Winer's long ago three month

suspension from the AANS, a private professional medical association, which he received as a penalty for offering expert testimony on behalf of an injured plaintiff in the 2002 medical malpractice trial involving neurosurgeon Ahmad Zakeri, M.D. The <u>Zakeri</u> case involved the defendant's performance of a craniotomy during which the patient was set on fire. The hospital settled pre-trial for $1.5 million and the jury returned a plaintiff's verdict against Dr. Zakeri for $500,000. Dr. Winer's testimony at trial was accepted by the trial judge and was not limited in any way.

3. In August of 2004, the AANS suspended Dr. Winer's membership for a period of three months as a penalty for offering expert testimony in the <u>Zakeri</u> case. A copy of the "Report of the Professional Conduct Committee of the American Association of Neurological Surgeons" is attached hereto as Exhibit 1.

4. The AANS is a voluntary professional organization that has for years actively sought to discourage its members from testifying on behalf of plaintiffs in medical malpractice claims. Triggered by complaints from doctors who were sued in medical malpractice claims, the AANS has reviewed expert witness testimony and suspended doctors from their organization for giving testimony in circumstances where the trial court has accepted the testimony without qualification. The AANS is nothing more than a physicians' advocacy group intent on limiting the rights of patients to sue doctors for negligence. The AANS website (www.aans.org) contains an entire section dedicated to medical liability reform advocacy, which even includes a medical liability reform brochure. <u>See</u> Exhibit No. 2, AANS Medical Liability Website. The AANS code of ethics regarding expert witness testimony has nothing to do with medical care or professional

competency. Instead it is designed to intimidate witnesses with the hopes of having a chilling effect on medical malpractice claims.

5. In the Zakeri case, the trial court found Dr. Winer's expert opinions to be admissible at trial. There is no evidence that the trial court struck or limited Dr. Winer's expert opinions, or that the trial court in anyway refused to accept Dr. Winer as an expert witness. Furthermore, the suspension from AANS had no effect on Dr. Winer's Board Certification or his license to practice medicine.

6. Plaintiff presumes that the Defendants will argue that the AANS actions are somehow probative to some issue material to this case, presumably credibility. However, in order to accept the judgment of a voluntary professional association with questionable motives, this Honorable Court would have to adjudicate the appropriateness of the AANS' actions and the fairness of their proceedings. As a threshold issue, this Honorable Court would have to determine whether the proceedings and findings of the AANS have sufficient evidence of trustworthiness. To do that, this Honorable Court would have to consider the entirety of the proceedings

7. The testimony criticized by the AANS was accepted into evidence by the trial court in the Zakeri case. The AANS findings do not make any reference to a court of law (or some other neutral, reliable, fair and trustworthy body) sanctioning or reprimanding Dr. Winer for his testimony. Additionally, the AANS findings do not reference the trial court in the underlying case rejecting, limiting or excluding any part of Dr. Winer's testimony.

8. In short, because the three month suspension issued from the AANS is based on unreliable and erroneous findings, the Defendants should be precluded at trial from introducing any evidence of or making any reference to the suspensions.

9. In addition, evidence of or reference to this past suspension based on a trial that occurred more than seven years ago will result in a mini-trial regarding the facts of the case, which will cause undue delay and confusion in this case. See FRE 403. The issue of Dr. Winer's past suspension from a voluntary professional association may result in the introduction of evidence of the AANS guidelines, a 15-page report, a 12-page report, and detailed facts regarding a malpractice trial that occurred more than 7 years ago. If asked, Dr. Winer will have to explain the voluminous amount of evidence required to address the AANS findings, which will usurp a significant amount of trial time. Additionally, the facts surrounding the old medical malpractice claim will cause unnecessary jury confusion in an already inherently complicated medical malpractice case. For that reason as well, the information about the prior brief suspension should be excluded. See FRE 403.

10. Further, reference to past suspensions is inadmissible prior bad act evidence. See FRE 404(b).

11. Lastly, any report issued by the AANS regarding Dr. Winer's past suspension is inadmissible hearsay. See FRE 801(c).

12. Because evidence of or reference to Dr. Winer's past suspension will irreparably prejudice the Plaintiff by confusing the jury and misleading them in their deliberations in arriving at a just verdict, the Plaintiff respectfully requests that this Honorable Court preclude at trial any evidence of or reference to said suspension.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully prays that this Honorable Court grant Plaintiff's Motion In Limine and preclude the Defendants at trial from introducing any evidence of or making any reference to Dr. Winer's past AANS suspension.

    /S/ALISON D. KOHLER
Henry E. Dugan, Jr.
Alison D. Kohler
Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
Phone: (410) 308-1600
Fax: (410) 308-1742
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2009, a copy of the Plaintiff's Motion in Limine As to Introduction of AANS' Three Month Suspension of Plaintiff's Expert Joel Winer, M.D., with Exhibits and Proposed Order, was electronically delivered and was mailed first class, postage prepaid to:

| | |
|---|---|
| Jeremy R. Krum, Esq. | David A. Levin, Esq. |
| Benjamin S. Vaughan, Esq. | Michelle R. Mitchell, Esq. |
| Armstrong, Donohue, Ceppos | Wharton, Levin, Ehrmantraut & Klein, PA |
| & Vaughan, CH | 104 West Street |
| 204 Monroe Street | Annapolis, MD 21401-2849 |
| Suite 101 | |
| Rockville, MD 20850 | |

    /S/ALISON D. KOHLER
HENRY E. DUGAN, JR. (08803)
ALISON D. KOHLER (01127)
DUGAN, BABIJ & TOLLEY, LLC
1966 Greenspring Drive, Suite 500
Timonium, MD 21093
410-308-1600
akohler@medicalneg.com
Attorneys for Plaintiff